UNITED STATES DISTRICT COURT                                    C/M
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
ALLENE SCOTT,                                                 :
                                                              :
                              Plaintiff,                      :    **MEMORANDUM DECISION**
                                                              :    **AND ORDER**
                    - against -                               :
                                                              :    19-cv-5447 (BMC) (JO)
BAYVIEW LOAN SERVICING, LLC;                                  :
INTERBAY FUNDING, LLC; GOLDSTEIN                              :
GROUP HOLDING, INC.; and ZENITH T.                           :
TAYLOR, REFEREE,                                             :
                                                              :
                              Defendants.                     :
------------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff Allene Scott brings this *pro se* action for a claim possibly sounding in fraud as well as for claims possibly alleging violations of New York State trust and mortgage laws. Plaintiff paid the filing fee to commence this action. The complaint is hereby dismissed for lack of subject matter jurisdiction, but plaintiff is granted 20 days' leave to amend the complaint.

## BACKGROUND

Plaintiff files the instant complaint alleging that defendants Interbay Funding, LLC and Bayview Loan Servicing, LLC were "operating under misrepresentation and fraud by transferring Plaintiff's Mortgage/Note into a trust . . . and had it Register[ed] at the Security Exchange Commission . . . [and] failed to have an assignment of mortgage of the trust to be recorded at the New York City Register . . . ." The apparent gist of the claims against Interbay and Bayview is that "the Plaintiff was never notified of these transactions by" the defendants.

Furthermore, plaintiff alleges that defendant Goldstein Group Holding, Inc. "is operating in bad faith capacity by a corporate assignment of mortgage" and defendant Zenith T. Taylor violated the trust by "condon[ing] the misrepresentation and fraud by the other Defendants."

In alleging this Court's jurisdiction to hear her case, plaintiff does not identify any substantive federal laws, rules, or provisions related to the defendants' conduct. Rather, plaintiff includes a section with the heading "JURISDICTIONAL AUTHORITY," which says that:

> [P]ursuant to 28 U.S.C. § 1332 (a)(b) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; 28 U.S.C. 1391, and 28 U.S.C. 1376. The district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States. See 28 U.S.C. § 1331. A case may be removed to federal court if it could have been brought in federal court originally. See 28 U.S.C. § 1441(a).

Plaintiff demands $1,000,000 in actual damages, treble damages, and punitive damages, as well as injunctive relief, and a writ of replevin.

## DISCUSSION

"Federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Therefore, the Court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiffs and the defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." New York v. White, 528 F.2d 336, 338 (2d Cir. 1975). As the party invoking federal jurisdiction, plaintiff "bears the burden of establishing that jurisdiction exists."

See Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009) (internal citation and quotation marks omitted). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank & Trust Co., 211 F.3d at 700-01.

In this case, plaintiff's complaint does not "necessarily draw[] into question" any federal law. The closest it comes to implicating anything of federal character is by *mentioning* the Securities and Exchange Commission, but it does so apparently only to provide color to the allegation that the defendants took actions, without plaintiff's knowledge or approval, related to a trust to which she may have some right.

Furthermore, there is no diversity among parties pursuant to § 1332, as plaintiff fails both to allege that the parties are of diverse citizenship or set forth a "reasonable probability" that her claim is in excess of $75,000. See 28 U.S.C. § 1332(a); Colavito v. New York Organ Donor Network, Inc., 438 F.3d 214, 221 (2d Cir. 2006) (internal quotation marks omitted). As for citizenship, plaintiff appears to be a citizen of New York State given that she writes that her address is in Jamaica, Queens, New York. Therefore, in order to sue in this Court under § 1332, plaintiff must allege facts showing that all of the defendants are citizens of states other than New York State. However, it appears that at least two defendants – Goldstein Group Holding, Inc. and Zenith T. Taylor – are likely of New York citizenship, given their addresses. Thus, plaintiff has not shown that this Court has subject matter jurisdiction over her case under § 1332.

Plaintiff's paragraph of "jurisdictional authority" merely cites the predicate statutes that permit this Court to hear claims based upon federal law or claims among parties of diverse citizenship. Plaintiff must still either identify at least one substantive federal law upon which she

bases at least one of her claims *or* show that her citizenship is different from the citizenship of all defendants.

## CONCLUSION

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

However, in light of plaintiff's *pro se* status, the Court grants her leave to file an amended complaint within 20 days from the date of this Order. Plaintiff's amended complaint must include facts to show that the Court has subject matter jurisdiction over her claim. She can do so by either showing that the "complaint necessarily draws into question the interpretation or application of federal law" or by showing that the plaintiff's state citizenship is completely diverse from each defendant's citizenship.

Should plaintiff elect to file an amended complaint, it must be captioned "AMENDED COMPLAINT" and bear the docket number 19-cv-5447. All proceedings shall be stayed for 20 days or until further Order from the Court. If plaintiff fails to file an amended complaint within the time allowed or show good cause why she cannot comply, judgment dismissing this action shall be entered for the reasons set forth above.

Although plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____
                                        U.S.D.J.

Dated: Brooklyn, New York
       September 29, 2019